IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEANNE WHATLEY CHAVEZ,

    Plaintiff,

v.                                                                          Civ. No. 01-1314 RLP/WWD

THOMAS & BETTS CORPORATION,
PATRICIA MARRUJO, ADAM GONZALES,
KAREN ROSS, STEVE SNIDER, LARRY
SMITH, AND DON HARING,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on "Defendant Don Haring's[1] Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2)." For all of the reasons set forth below, Mr. Haring's motion will be granted. Also before the court is Plaintiff's Motion to Remand New Mexico Human Rights Act Claim. For the reasons set forth below, Ms. Chavez's Motion will be denied.

## FACTUAL BACKGROUND

Plaintiff Deanne Whatley Chavez was employed by Thomas & Betts Corporation in Albuquerque, New Mexico. Thomas & Betts has facilities located throughout the United States. Its corporate headquarters are in Memphis, Tennessee, where Mr. Haring is a Director of Human Resources. Mr. Haring currently works with human resource managers at Thomas & Betts' facilities in states other than New Mexico. He formerly did work with the New Mexico facility, but he does not give the time period; presumably it was during the

---

[1] Defendant asserts that his name is misspelled in the case caption. Accordingly, he will be referred to as Defendant Haring.

period at issue in this lawsuit. At any rate, Mr. Haring is not an officer of the corporation, nor does he sit on its board of directors. Ms. Chavez has worked for Thomas & Betts since 1987.

Ms. Chavez alleges that in 1999, two Thomas & Betts' Albuquerque employees began sexually harassing her. This harassment was reported to a Thomas & Betts' manager in 2000. In 2001, based on some incidents occurring at work, Ms. Chavez contacted Mr. Haring, among others. These individuals (referred to in the Complaint as the "supervisory defendants," and which include Mr. Haring) arranged for a meeting between Ms. Chavez and one of the individuals alleged to have harassed her. The meeting took place in Albuquerque and Mr. Haring, who was in Memphis, listened in over a speaker phone. In 2001, Mr. Haring was advised that Ms. Chavez had been terminated; he alleges he was not involved in that decision nor was he informed beforehand that she would be terminated.

In addition to the foregoing, Ms. Chavez contends that she called Thomas & Betts' headquarters in Memphis and advised the operator that she was an employee who wanted to make a complaint about sexual harassment and retaliation. She states that it was Mr. Haring who returned her phone call. She alleges that she spoke to him several times by telephone and that each time he expressed a willingness to help her and advised her to stay in touch.

With regard to Mr. Haring, Ms. Chavez's complaint asserts that she was terminated from her employment in violation of the Federal Medical Leave Act, 29 U.S.C. § 2615 (Count III) and she claims that Mr. Haring was negligent in the supervision, training and

2

retention of certain Thomas & Betts' employees at the New Mexico facility (Count V). Finally, she alleges violations of New Mexico's Human Rights Act against all defendants, based on all of the allegations in her Complaint.

DISCUSSION

In her complaint, Ms. Chavez brings claims against Mr. Haring for retaliation under the Federal Medical Leave Act (FMLA) and tort claims based on supervisory liability. Mr. Haring seeks dismissal of the claims against him based on lack of personal jurisdiction. "To survive a motion to dismiss for lack of personal jurisdiction made pursuant to Fed.R.Civ.P. 12(b)(2), a plaintiff need only make a prima facie showing that the court may exercise personal jurisdiction over the defendant." *Sunwest Silver, Inc. v. International Connection, Inc.*, 4 F.Supp.2d 1284, 1285 (D.N.M. 1998). The court does not weigh the evidence submitted; rather, the court reviews the well-pleaded facts in the complaint and affidavits to determine whether the jurisdictional elements are met. *Id.* All factual disputes are resolved in favor of the plaintiff. *Id.*

In a federal question case, the court must determine "(1) 'whether the applicable statute potentially confers jurisdiction' by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.'" *Peay v. Bellsouth Medical Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (citations omitted). Because there is no federal statute for nationwide personal jurisdiction, Fed.R.Civ.P. 4(k)(1)(A) directs the court to the forum state's long-arm statute. New Mexico's long arm statute, NMSA 1978 § 38-1-16, provides for personal jurisdiction over nonresidents for specifically enumerated acts. Those acts include the transaction of business within the

3

state or the commission of a tort within the state. § 38-1-16(A)(1) & (3).

A defendant's minimum contacts with the forum are considered sufficient if "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (internal quotation marks and citations omitted). In determining this standard, the reviewing court must determine whether the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Sunwest Silver*, *Inc.* 4 F.Supp.2d at 1286 (internal quotation marks and citations omitted; alteration in original).

Based on the record submitted, and after oral arguments, it appears that the only contact Mr. Haring had in New Mexico was (1) a telephonic appearance at the meeting between Ms. Chavez and her co-worker; (2) returning a phone call to Ms. Chavez; and (3) taking Ms. Chavez's phone calls in which she discussed the alleged harassment and retaliation. Mr. Haring denies having any supervisory control over Ms. Chavez's co-workers or the decision to terminate her employment. Based on the record submitted, it further appears that Mr. Haring's contacts with Ms. Chavez, and New Mexico, are due to Ms. Chavez's having contacted him. "Courts have held repeatedly that a defendant's responses to the unilateral acts of a plaintiff are not contacts with the forum state sufficient to establish personal jurisdiction." *Id.* at 1287.

This court has only located one case that is similar on its facts. In *Giddens v. Steak and Ale of Illinois, Inc.*, 994 F. Supp. 942 (N.D. Ill. 1998) the plaintiff employee alleged employment discrimination under Title VII and sued her employer and several general managers. Two of these managers, Mr. Sorenson and Mr. Robertson, sought dismissal

4

pursuant to Fed.R.Civ.P. 12(b)(2). The court determined that Mr. Sorenson was an Area Director and as part of his management duties traveled to Illinois (where the suit was brought) several times a year to attend management meetings. The court assumed that personnel policies and procedures were discussed at those meetings and determined that Mr. Sorenson implemented those policies and procedures. "Thus, [plaintiff's] claims of discrimination and retaliation in Michigan could have arisen out of Mr. Sorenson's management meetings in Illinois such that it was reasonable for him to expect to answer for his actions in Illinois." *Id.* at 944.[2] Mr. Robertson, however, had only one training trip to Illinois and the plaintiff had failed to show "any possible nexus between that training and the allegedly discriminatory practices at the Bennigan's restaurant in Michigan." *Id.*

In this case, Ms. Chavez has shown no nexus between Mr. Haring's activities and the alleged sexual harassment and retaliation. Mr. Haring has insufficient contacts with New Mexico for this court to assert personal jurisdiction over him.

Finally, Ms. Chavez requests this court remand her claim under the New Mexico Human Rights Act, arguing that New Mexico courts have "exclusive jurisdiction" to hear such claims. The Tenth Circuit Court of Appeals has not decided this issue. However, all of the federal district court judges that have addressed this argument of "exclusive jurisdiction" have found it to be unconstitutional. *See Keller v. Board of Education*, Civ. 00-1667 MV/LFG and cases cited therein. (A copy of this opinion is attached to Plaintiff's

---

[2] Mr. Sorenson's motion to dismiss was granted based on the "fiduciary shield" doctrine adopted in Illinois. *Giddens*, 994 F. Supp. 942, 944-45. That doctrine, which insulates an employee from liability when he is acting at the behest of his employer, has not been adopted in New Mexico. *See Santa Fe Technologies, Inc. v. Argus Networks, Inc.,* 42 P.3d 1221, 1236 (N.M. Ct. App. 2001), *cert. denied*, 42 P.3d 842 (N.M. 2002).

Memorandum and will not be attached hereto.)   I agree with my colleagues.

IT IS THEREFORE ORDERED THAT Defendant Don Haring's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2) [Doc. 15] is granted; and

IT IS FURTHER ORDERED THAT Plaintiff's Motion to Remand New Mexico Human Rights Act Claim [Doc. 7] is denied.

IT IS SO ORDERED.

_____
Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

FOR THE PLAINTIFF:     Mary C. Han, Esq.

FOR THE DEFENDANTS:  Theresa W. Parrish, Esq.
                     Kenneth A. Jenero, Esq.