IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEANNE WHATLEY CHAVEZ,

      Plaintiff,

vs.                                          Civ. No. 01-1314 RLP/WWD ACE

THOMAS & BETTS CORPORATION,
PATRICIA MARRUJO, ADAM GONZALES,
KAREN ROSS, STEVEN SNIDER, and
LARRY SMITH,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Plaintiff's Motion to Compel [docket no. 45]. Plaintiff seeks an order compelling full and complete responses to interrogatories numbered 11, 12, and 13, and requests for production numbered 7 and 8, all of which are contained in Plaintiff's First Set of Interrogatories and Request for Production served on the Defendant corporation ("T&B" hereafter) on September 18, 2002.

      Interrogatory No. 11 reads as follows:

For each individual answering these interrogatories, please identify and describe
each and every occasion on which you or any agents or employees of Thomas and
Betts Corporation, have been accused of improperly dismissing or disciplining an
employee, or otherwise improperly altering the terms or conditions of an
employee's employment, for the last ten (10) years. For each such accusation,
please identify and describe:  (a) the person(s) accused; (b) the person(s) making
the accusation; (c) the date, location, and nature of the alleged impropriety; (d)
whether you or any other agency or person conducted any investigation of the
accusation, and if so, the inclusive dates, nature, and results of the investigation,
including any discipline imposed, any changes made, and, if another agency or

person conducted the investigation, who did so, and whether and when you were informed of the investigation's results; and, (e) whether a lawsuit resulted from the accusation, and if so, the complete case caption, date filed, and current status of the lawsuit.

T&B objects to supplying the information on the ground of relevance arguing specifically that (1) information is sought on facilities other than those where Plaintiff was employed; (2) information is sought for periods of time outside of the time during which Plaintiff was employed; and (3) Plaintiff seeks information which is protected either as attorney work product or under the attorney/client privilege. T&B then states "that information regarding accusations of discrimination or harassment on the basis of sex, retaliation, or violation of the FMLA against T&B's facility in Albuquerque, New Mexico, or any of the individual Defendants, that allegedly occurred during the period from January 1, 1996 through May 2, 2001, is contained in the documents produced by T&B in response to Requests Nos. 7 and 8 of Plaintiff's First Set of Requests for Production."

Similar objections are made to Interrogatories 12 and 13, and to the production sought in Requests for Production 7 and 8.

In her Reply Plaintiff agrees that the responses to interrogatories 11, 12, 13 , and Requests for Production 7 and 8, will be limited to the Albuquerque facility, the Broadbent facility, and the facility where Allan Borgstrom worked; and the information sought about specific employee misconduct, other than sexual harassment, retaliation, and FMLA violations shall be limited to the individual Defendants. Further, the information sought in Interrogatories No.11, 12 , and 13, and Requests for Production 7 and 8, shall be limited to the period of time between January 1, 1996, and May 2, 2001. Subject to the aforementioned limitations, on or before

February 20, 2003, Defendant Thomas and Betts Corporation shall, if it has not already done so, make full and complete responses to Interrogatories Nos. 11, 12, and 13, and document production for Requests for Production 7 and 8. General and unsupported assertion of work product and attorney-client privilege will not be considered.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE