IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEANNE WHATLEY CHAVEZ,

      Plaintiff,

v.                                                       Civ. No. 01-1314 RLP/WDS

THOMAS & BETTS CORPORATION, *et al.*,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      Plaintiff Deanne Whatley Chavez brings this action against her former employer Thomas & Betts (the "Company") and several employees of the Company, Larry Smith, Steven Snider, Karen Ross, Patricia Marrujo, and Adam Gonzales.[1]  All of the defendants have filed their respective motions for summary judgment on Chavez's claims of hostile work environment, Title VII retaliation, violations of the Family Medical Leave Act of 1993, 29 U.S.C. §§ 201 *et seq.* ("FMLA"), intentional torts, negligence, and violations of the New Mexico Human Rights Act ("NMHRA").  The case was removed from state court to this court on November 20, 2001 [Doc. 1] pursuant to 28 U.S.C. §§ 1441(a), (b).  The court has original subject matter jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the FMLA.

**FACTUAL BACKGROUND**

      The Company owns and operates a manufacturing facility in Albuquerque, New

---

      [1]  Defendant Donald Haring was dismissed from the case on May 13, 2002 [Doc. 31].

Mexico.  Chavez was hired in 1987 by the Company's predecessor.  Chavez and Patricia Marrujo were co-workers and friends for approximately 14 years until Marrujo was promoted to a supervisory position at the Company in April, 2000.  In her deposition, Chavez testified that she was not subjected to harassment until after Marrujo's promotion.  Chavez alleges that Marrujo opened Chavez's shirt to see the color of her bra.  A co-worker who was present did not witness the incident.  Chavez also alleges that Marrujo pulled open the waistband of Chavez's sweat pants in another encounter.

In July, 2000, Chavez reported these occurrences to a Company manager but did not fill out a grievance form.  Marrujo then transferred to second shift and never supervised Chavez again.  In January, 2001, Chavez heard via the grapevine that Marrujo was returning to the day shift and Chavez filed a grievance.  She testified that shortly thereafter, her co-workers began shunning her and one called her a "rat."  She alleges that a co-worker threw a grinder at her, but another co-worker who was present did not see the incident.

Finding the situation at work uncomfortable, Chavez requested medical leave in February, 2001.  She was gone for 30 days, but because her therapist would not sign papers for an extension of the medical leave she took personal leave time for an additional 30 days.  During this time she got married and looked for another therapist.  She and Marrujo attended a Company mediation which was unsuccessful because Chavez apparently wanted an apology and Marrujo denied the incidents ever took place.

On or about April 15, 2001, Chavez requested additional medical leave.  She was instructed that she must submit the completed documentation, including a physician's

statement that she was unable to work, no later than April 30.  She did not turn in the paperwork until May 8, 2001, five days after the Company had terminated her employment. Her termination was pursuant to a pre-existing Company policy, of which she was aware, that employees absent for more than three days without leave were considered to have resigned.  Chavez testified in her deposition that she continued to be emotionally upset, and that she was unable to get the paperwork to the Company.  She conceded, however, that she was able to drive her automobile, do errands, visit a social worker, and continue to look for a therapist.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the moving party shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  An issue of fact is "genuine" if there is sufficient evidence so that a rational trier of fact could find for the non-moving party.  *Simms v. Oklahoma ex rel. Department of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999).  "An issue of fact is 'material' if, under the substantive law, it is essential to the proper disposition of the claim."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).   With these standards in mind, the court now turns to the substantive law to define what facts are material.

## DISCUSSION

A.   CLAIMS AGAINST THE COMPANY.    Chavez  alleges hostile work environment sex discrimination and retaliation.  Title VII prohibits sexual harassment in the workplace.  *Meritor Savings Bank v. Vinson*, 477 U.S. 57 (1986).  Sexual harassment

3

under Title VII may be shown by a hostile work environment.  *Id.* at 65-66.

> A plaintiff may prove the existence of hostile work environment sexual harassment in violation of Title VII where sexual conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.  For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.

*Hirase-Doi v. U. S. West Communications, Inc.*, 61 F.3d 777, 782 (10th Cir. 1995) (internal citations, brackets, and quotation marks omitted).

The harassment must be due to the person's sex.  *Meritor*, 477 U.S. at 64. "Workplace horseplay, even with sexual overtones, is not sufficient to invoke Title VII's protections, unless plaintiff can establish the harassment was directed toward [her] *because of* [her] sex."  *Wehrle v. Office Depot, Inc.*, 954 F. Supp. 234, 236 (W. D. Okla. 1996) (emphasis in original); *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1537 (10th Cir. 1995).   Same sex harassment is actionable.  *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998).  "The critical issue . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed."  *Id.* at 80 (internal quotation marks and citation omitted; ellipses added).

*Oncale* provided the victim of same sex discrimination three evidentiary paths to prove a violation of Title VII:  (1) credible evidence that the harasser was homosexual; (2) evidence indicating a general hostility to the plaintiff's gender in the workplace; or (3) comparative evidence that the harasser treated males and females differently in the workplace.  *Id.* "Whatever evidentiary route the plaintiff chooses to follow, he or she must

4

always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted '*discrimina[tion]* . . . because of . . . sex." *Id.* (quoting 42 U.S.C. § 2000e-2(a)(1)) (emphasis, brackets, and ellipses by the Court).

In this case, Chavez alleges that Marrujo treated men and women differently and was hostile to women. To support her claim, a plaintiff may show instances of harassment toward other workers of which she was aware, in addition to the harassment she herself suffered. *Hirase-Doi*, 61 F.3d at 782. Harassment from non-management, non-supervisory employees will justify holding the employer liable only if the employer was "negligent or reckless in failing to remedy or prevent a hostile work environment of which management level employees knew or in the exercise of reasonable care should have known." *Id.* at 781.

The court finds there are disputed issues of material fact as to Chavez's hostile work environment claim that preclude summary judgment. Resolving all disputes in favor of Chavez, as the nonmoving party, a jury could find a hostile work environment based on sex discrimination, subject to any affirmative defenses put forth by the Company. There are disputed issues of fact as to the Company's sex discrimination policies and handling of Chavez's claim. Accordingly, the Company's motion for summary judgment is denied as to Count I of the complaint.

Similarly, the Company is not entitled to summary judgment on Chavez's claim of retaliation. Retaliation under Title VII requires (1) a protected activity; (2) an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action. *Wells v. Colorado Dept. of Trans.*, 325 F.3d 1205, 1212 (10th

Cir. 2003).  "Retaliatory conduct other than discharge or refusal to rehire is . . . proscribed by Title VII only if it alters the employee's compensation, terms, conditions, or privileges of employment, or adversely affects . . . her status as an employee."  *Heno v. Spring/United Management Co.*, 208 F.3d 847, 857 (10th Cir. 2000).  Chavez claims both that the conditions of her employment changed and that she was discharged in violation of Title VII.

Chavez alleges that she was repeatedly called names (such as rat, snitch, and bitch) for filing a grievance against Marrujo.  She alleges that Marrujo became more and more verbally abusive.  She alleges that a co-worker threw a heavy tool at her, nearly striking her.  All of this is denied by the Company and the individuals involved, but that is a matter of credibility for the jury to determine, not the court.

Chavez further claims that she was terminated in retaliation for filing her complaint with the Company (this claim is co-extensive with her claim that she was discharged in violation of the FMLA, which is discussed below).  Again, resolving all inferences in favor of Chavez,  the court finds that there are questions of disputed and material facts which preclude summary judgment. on Count II of Chavez's complaint.

Chavez next asserts that the Company retaliated against her for requesting leave under the FMLA.  To establish a prima facie FMLA retaliation claim, Chavez must show that (1) she availed himself of a protected right under the FMLA;  (2) she was adversely affected by an employment decision;  and (3) there is a causal connection between the two actions.  *Morgan v. Hilti*, 108 F.3d 1319, 1325 (10th Cir.1997).  Once a prima facie case of discrimination is established, the burden shifts to the defendant to articulate a

6

legitimate, nondiscriminatory reason for the plaintiff's termination.  If the defendant can express a legitimate nondiscriminatory reason for the termination, the burden then shifts back to the plaintiff to produce evidence that the reason articulated by the employer is a pretext for the retaliatory reason.  *Id.*

In *Renaud v. Wyoming Dept. of Family Serv's.* the plaintiff, who was on FMLA leave for treatment of alcoholism, was terminated for having been drunk while on duty.  203 F.3d 723, 732 (10th Cir.2000).  The plaintiff sued under the FMLA claiming that the defendant-employer had interfered with his FMLA rights.  In affirming a judgment on a jury verdict in the defendant's favor, the Tenth Circuit Court of Appeals held that an employee who requests or is on FMLA leave has no greater protection against his or her employment being terminated for reasons not related to his or her FMLA request or leave than he or she did before submitting the request.  *Id.* The court concluded that an employee may be terminated if the action would have been taken in the absence of the FMLA request or leave.  *Id. See also Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1261-62 (10th Cir.1998) (affirming a grant of summary judgment in favor of the defendant in an FMLA interference claim).

Chavez's deposition testimony indicates she was aware of the Company's policy of terminating employees who were absent for three days without contacting the Company. She was told she had until April 30 to submit her FMLA paperwork and she failed to submit that paperwork until May 8.  She argues that the Company "knew" she had the paperwork, but that assertion is irrelevant to her FMLA claim.  Accordingly, summary judgment is appropriate on Count III of the Complaint.

Chavez alleges that the Company is liable to her for negligence and for violations of the NMHRA. In its Motion, the Company refers the court to the material facts, arguments, and exhibits of other Defendants as support for entry of summary judgment in its favor.[2] The court will now turn to the motions of Defendants Larry Smith, Steven Snider, and Karen Ross (collectively, the "Supervisory Defendants").

Chavez seeks recovery against the Supervisory Defendants on three counts: retaliation under the FMLA,[3] negligence, and violations of the NMHRA. Because the court has already found that summary judgment should be entered against her on the FMLA retaliation claim, by definition that claim cannot survive against these Defendants.

B.    CLAIMS AGAINST THE COMPANY AND THE SUPERVISORY DEFENDANTS. Chavez's claim of negligence against these Defendants is premised on negligent retention and supervision of Defendants Marrujo and Gonzales. All of the those Defendants argue the negligence claims are barred by the New Mexico Workers' Compensation Act or, alternatively, barred by Title VII when the predicate acts are identical. The claims are not barred by the Workers' Compensation Act. *Coates v. Wal-Mart Stores, Inc.*, 976 P.2d 999 (N.M. 1999); *Sabella v. Manor Care, Inc.*, 915 P.2d 901

---

[2]  Although the court granted the Defendants leave to file separate motions for summary judgment, it did not contemplate *all* parties' extensive cross-referencing of material facts, exhibits, and arguments, all of which appears to have been done to exceed the page limits for such motions. The cross-referencing is confusing and time-consuming. In the future, the parties are instructed that each motion should stand on its own with its own material facts, arguments, and exhibits.

[3]  Larry Smith left the Company's employment on or before March 31, 2001 and in her Response to the Motion for Summary Judgment, Chavez states she has elected not to pursue the FMLA claim against Defendant Smith.

(N.M. 1996). The claims are not barred by Title VII. *Deflon v. Danka Corp., Inc.*, 1 Fed.Appx.807, 2001 WL 13260 (10th Cir. 2001) (unpublished opinion). However, the court agrees that the Supervisory Defendants are not individually liable to Chavez under this claim based on the facts of this case.

In New Mexico, the tort of negligent supervision and retention applies to individuals or entities. *Los Ranchitos v. Tierra Grande, Inc.*, 861 P.2d 263, 293 (1993). In this case, however, there are no facts alleged which would extend liability to *both* the Supervisory Defendants *and* the Company assuming all of the elements of this claim were met. Although it is difficult to see how Chavez could recover both for her Title VII claims and her negligent supervision claims against the Company, summary judgment in favor of the Company is not warranted. Summary judgment in favor of the Supervisory Defendants (Smith, Snider, and Ross) is, however, granted.

Finally, as to Chavez's claims against the Company and the Supervisory Defendants for violations of NMHRA, the court finds that Chavez's failure to name any individual in her EEOC charge bars her claims against them. *See Sonntag v. Shaw*, 22 P.3d 1188, 1193 (N.M. 2001).

C.   CLAIMS AGAINST MARRUJO AND GONZALES. In Count IV of her Complaint, Chavez alleges a claim of assault and battery against Marrujo; assault against Gonzales; and intentional infliction of emotional distress ("IIED") against both of them. As to the latter claim, IIED, the court finds that even if every allegation as stated by Chavez is true, the conduct of these Defendants does not, as a matter of law, constitute IIED. *See Trujillo v. Northern Rio Arriba Elec. Coop., Inc.*, 41 P.3d 333 (N. M. 2002) (tort requires

9

extreme and outrageous conduct regarded as "utterly intolerable in a civilized community").

As to the common law claims of assault and battery, the issue is whether these claims are barred by New Mexico's Workers' Compensation Act.  The Defendants cite to *Gallegos v. Chastain*, 624 P.2d 60 (N. M. Ct. App. 1981), which held that when a fellow employee commits an intentional tort, the plaintiff's common law claims are barred by the exclusivity provision of the Act.  Chavez argues that her case is governed by *Delgado v. Phelps Dodge Chino*, 34 P.3d 1148 (N.M. 2001).  In *Delgado* the New Mexico State Supreme Court held that willful, intentional acts are not precluded by the Act if the following four elements are met:

> (1) the worker or employer engages in an intentional act or omission, without just cause or excuse, that is reasonably expected to result in the injury suffered by the worker; (2) the worker or employer expects the injury to occur, or has utterly disregarded the consequences of the intentional act or omission; and (3) the intentional act or omission proximately causes the worker's injury.

*Id.* at 1150.

*Gallegos* held to the contrary but, as Chavez points out, *Delgado* specifically overruled *Gallegos* and it is clear that in *Delgado*, liability was sought against two co-workers in their individual and corporate capacities.  Here, the torts alleged are intentional.  There remain genuine issues of disputed, material facts; thus, summary judgment in favor of Marrujo and Gonzales is inappropriate.

Chavez also claims that Marrujo is liable to her for the negligent supervision, training and retention of Gonzales.  As noted previously, individuals may be liable for this tort, but Chavez provides no factual allegations coupled with legal authority that would give

10

rise to such a claim against Marrujo.  Accordingly, summary judgment in favor of Marrujo on this claim is warranted.

Finally, Chavez claims that Marrujo and Gonzales violated the NMHRA.  She did not name either one of them in her charge of discrimination. Accordingly, for the same reason as stated for the Supervisory Defendants, summary judgment in favor of Marrujo and Gonzales will be granted.

## CONCLUSION

Summary judgment on Chavez's claims of hostile work environment sex discrimination and Title VII retaliation is denied;  summary judgment on Chavez's FMLA causes of action is granted; summary judgment on Chavez's IIED claim is granted; summary judgment on Chavez's assault and battery claims is denied; summary judgment on Chavez's claims of negligent supervision, training and retention against the Company is denied, but is granted as to all individual Defendants; and summary judgment on Chavez's claims for violations of the NMHRA is denied as to the Company, but is granted as to all individuals Defendants.  Because these rulings leave no claims against three individual Defendants, Larry Smith, Steven Snider, and Karen Ross, they will be dismissed.    **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Thomas & Betts' Motion for Summary Judgment **[Doc. 64] is denied in part and granted in part;** and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Larry Smith, Steven Snider and Karen Ross' Motion for Summary Judgment **[Doc. 62]** is **granted**; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Larry Smith, Steven

11

Snider and Karen Ross are dismissed with prejudice; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Patricia Marrujo and

Adam Gonzales' Motion for Summary Judgment **[Doc. 60]** is **denied in part and granted**

**in part.**

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by Designation

FOR THE PLAINTIFF:     Mary Y.C. Han, Esq.
                       Kristin Morgan-Tracy

FOR THE DEFENDANTS:  Kenneth A. Jenero, Esq.
                     Theresa W. Parrish Esq.