IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEANNE WHATLEY CHAVEZ,

    Plaintiff,

v.                                                                        Civ. No. 01-1314 RLP/WDS

THOMAS & BETTS CORPORATION, *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiffs' Motion for Attorneys' Fees and Costs [146] and Supplement to Plaintiff's Petition for Fees and Costs [Doc. 157]. This case was originally filed against seven defendants, asserting claims of Title VII hostile work environment and retaliation; FMLA retaliation, intentional torts, negligent supervision and retention, and violations of New Mexico's Human Rights Act. One defendant was dismissed for lack of personal jurisdiction; three defendants were dismissed prior to trial on summary judgment; one defendant was dismissed during the trial. The claims that proceeded to trial against the two remaining defendants (Thomas & Betts Corporation and Patricia Marrujo) were the Title VII hostile work environment; Title VII retaliation; violations of New Mexico's Human Rights Act; and the intentional torts and negligent supervision claims.

The jury found against Plaintiff on her claim of retaliatory discharge, but in her favor and against Thomas & Betts on her claims of hostile work environment and negligent supervision and retention, awarding $145,625 in compensatory damages and $354,375 in punitive damages, for a total of $500,000. As against Defendant Marrujo, the jury

awarded the Plaintiff $20,750 on her assault and battery claims and $3,250 in punitive damages, for a total of $24,000.  The total amount recovered was $524,000.

Plaintiff's attorneys seek a total fee award of $163,219.23, roughly one-third of the recovery.  Defendants do not contest the hourly rate of any attorney, but do argue that in light of Plaintiff's limited success the fees should be reduced accordingly.  The court must first decide whether a plaintiff seeking fees is a "prevailing party."  42 U.S.C. § 1988(b); *Farrar v. Hobby*, 506 U.S. 103 (1992).  After making that determination, the court must then decide whether the fees sought are reasonable.

Plaintiff prevailed on four claims against two defendants. Thus, she is a "prevailing party."  The starting point for determining the amount of an appropriate attorney fee is to calculate the number of hours reasonably expended and to multiply that number by a reasonable hourly rate.  *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983), *abrogated on other grounds* by *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).  The resulting figure is the "lodestar."  *Case v. Unified School Dist.*, 157 F.3d 1243, 1249 (10th Cir. 1998).  The court has an obligation to exclude hours not "reasonably expended" from the lodestar calculation.  *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (quoting *Hensley*, 461 U.S.  at 434); *see* 42 U.S.C. § 1988(b) (prevailing party is to receive a "reasonable attorney's fee").

There are two elements to the reasonableness inquiry:  first, has the attorney exercised billing judgment and deleted excessive, unnecessary or redundant fees from his or her fee application, *see Hensley*, 461 U.S. at 437; and second, is the fee award reasonable in light of the success obtained, *see id.* at 436.  The court "must reduce the

actual number of hours expended to a reasonable number to ensure services an attorney would not properly bill to his or her client are not billed to the adverse party." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1239 (10th Cir. 2000). The burden is on the party requesting fees to demonstrate that the time expended was indeed reasonable. *Case*, 157 F.3d at 1249.

<u>Hours reasonably expended</u>. Plaintiff submits the affidavits of six attorneys who worked on this case, an unknown number of law clerks, and an unknown number of legal assistants, and a cost bill. Each will be discussed in turn.

<u>Christine Anaya</u>. Ms. Anaya was the initial attorney handling the case with Plaintiff. She has been in practice since 1994 and is experienced in civil rights work. Her hourly fee is $150.00, which is not contested and which the court finds reasonable. She expended 30.80 hours, for a total fee of $4,500.00. Defendants object to one hour of her time, which was spent reviewing background information. I agree that this cost should have been absorbed in overhead and it will be deleted.

Ms. Anaya also charges .80 hours of time spent by a legal assistant at a fee of $30.00 per hour, for a total charge of $24.00 for having documents copied and delivered to co-counsel. Finally, Ms. Anaya submits bills for a transcription and copies in the amount of $116.39. There are no objections to the time expended by Ms. Anaya's legal assistant or the copying charges, and the court finds these fees reasonable. Subtracting the one hour in unnecessary time and gross receipts tax for that time ($158.72), the grand total owed to Ms. Anaya for all of the foregoing fees, services, and including gross receipts tax is **$4,571.40**.

3

Paul Kennedy. Mr. Kennedy was lead trial counsel.  He has 27 years' experience and his hourly rate is $275.00.  The court finds that Mr. Kennedy's rate is commensurate with his level of expertise in this community.  For this trial, he expended 95 hours, most of it in trial preparation and trial work.  Post-trial he expended five hours of work preparing the Reply Memorandum to Defendants' Memorandum Opposing Attorney fees.  Defendants' have objected to none of the time expended by Mr. Kennedy and the court finds the hourly rate and time to be reasonable, in the total amount of $27,500.00, plus total gross receipts tax of $1,598.44, for a total of **$29,098.44.**

Mary Y.C. Han.  Ms. Han has 18 years' experience and bills out at $225.00 per hour.  The hourly rate is not objected to and the court finds this is a reasonable rate for an attorney of her experience.  The total hours expended are 161.30.  Of this amount, Defendants object to 3.10 as having insufficient detail, *see* Exhibit C; and 8.5 as being unproductive or unnecessary, *see* Exhibit D.

Ms. Han charged 1.50 hours for an initial meeting with Attorney Anaya and Plaintiff.  This charge is reasonable.  Ms. Han charged a total of 1.0 for interoffice conferences with an attorney in her office or responding to a note from an attorney in her office.  These charges are not reasonable and will be deducted.  Ms. Han charged 1.0 hour for meeting with an unknown individual and an attorney in her office.  The court agrees there is insufficient detail on this charge, which will also be deducted.

Defendants object to a .20 charge for reading an article from the *New York Times*, which was also charged for by another attorney in the office.  This charge is unnecessary.  Defendants object to a time entry for 8.30 hours which states the time was expended in

preparing for and taking the depositions of A. Gonzales and D. Herrera. Defendants state there was no deposition of D. Herrera. In Plaintiff's Reply Memorandum, however, she notes this entry should indicate preparing for and taking the deposition of Defendant Gonzales and a conference with a witness, D. Herrera.

Ms. Han has requested total hours in the amount of 161.30. The court will reduce the number of hours by 2.20 as mentioned above, bringing the total to 159.10, times the hourly rate of $225.00 equals $35,797.50, plus gross receipts tax in the amount of $2,080.73 totals **$37,878.23** in reasonable attorney fees.

Kristin Morgan-Tracy. Ms. Tracy graduated from law school in 1994 and charges $200.00 per hour. The court finds this fee is reasonable. Ms. Tracy expended a total of 317.80 hours. Of this amount, Defendants object to 1.40 as having insufficient detail for the time entry and .90 as unproductive or unnecessary. Of the former, 1.1 is for reviewing correspondence from Ms. Anaya and .3 is drafting a memo re "SOP" and review file regarding the same. I agree that these entries contain insufficient detail and they will be deleted. As to the latter, the .9 was spent on background research for the litigation and I agree with Defendants that this time should not have been charged; it is ordinarily a cost of business.

Accordingly, Ms. Tracy's 317.80 hours will be reduced by 3.2 hours, for a total of 314.60 hours at $200.00 per hour ($62,920), plus gross receipts tax for a total attorney fee award of **$66,577.23.**

Adam S. Baker. Mr. Baker has been licensed to practice law since 1997 and his billing rate is $185.00. No objections were made to Mr. Baker's fee or the hours expended

on this litigation, which total 8.60.  His fee will be paid in full, **$1,683.48**, which includes gross receipts tax.

Kirtan Khalsa.  No information was given on Ms. Khalsa, who attended the Rule 16 Scheduling Conference.  For this service, she billed one hour at $150.00 per hour.  No objections were received for this fee or this amount.  Accordingly, Ms. Khalsa's fee will be paid in full, including gross receipts tax, of **$158.72**.

Jennifer R. Albright.  Ms. Albright has been practicing law since 1999 and her billing rate is $150.00.  She expended 79.60 hours on this litigation and there are no objections to her hourly rate or the reasonableness of these hours.  Accordingly, Ms. Albright's fees will be paid in full, including gross receipts tax, of **$12,634.01**.

Law Clerks and Legal Assistants.  Plaintiff has charged 14 hours at $75.00 per hour for one or more law clerks.   Plaintiff has charged 33.75 hours for one or more legal assistants at $60.00.  The fee and time spent are not objected to for either category.  Accordingly, the amount awarded to Plaintiff's counsel for this category, including gross receipts tax, is **$3,253.73**.

Costs and Expenses.  Plaintiff seeks $10,734.42 in costs, including service of process and subpoena fees, witness fees, copying fees, court recording fees, expert witness fees, trial transcripts, postage and the like.  Defendants object to service of process and subpoena fees for defendants who were dismissed before trial.  The court finds no requirement in 28 U.S.C. § 1921 that those incurred charges are only recoverable if a party remains in the litigation the through trial.  The court notes, however, the expert witness fees are only recoverable for court-appointed experts.  § 1921(6).  Plaintiff's

expert, Allen Parkman, Ph.D., was not court-appointed. Therefore, the requested $2,327.88 sought for his testimony will be denied, and Plaintiff's costs are reduced to a total amount of **$8,406.54**.

Reasonableness in light of success obtained. All of the foregoing amounts total **$155,855.24** in attorney fees and **$8,406.54** in costs, for a grand total of **$164,261.78**. The court's task is now to determine whether this amount should be reduced for what Defendants call Plaintiff's "limited success." In *Whalen v. United Rig, Inc.*, 974 F.2d 1248 (10th Cir. 1992), *cert. denied*, 507 U.S. 973 (1993), the court addressed the factors to be considered when a plaintiff did not prevail on all of her claims:

> The Supreme Court has instructed that a fee award should be determined by examining "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435; *see also Ramos v. Lamm*, 713 F.2d 546, 556 (10th Cir. 1983). "Reasonably expended" hours would not include time spent on claims "unrelated" to those on which the plaintiff prevails. *Hensley*, 461 U.S. at 434-35; *Ramos*, 713 F.2d at 556. The *Hensley* court held that a plaintiff cannot receive fees for time spent on "distinctly different claims for relief that are based on different facts and legal theories" and on which the plaintiff does not succeed. *Hensley*, 461 U.S. at 434-35.

*Whalen*, 974 F.2d at 1253-54 (parallel citations omitted).

"This court has allowed a fully compensatory fee where claims for relief were based on a common core of facts and the plaintiff obtained excellent results even though the plaintiff did not prevail on every contention." *Whalen*, 974 F.2d at 1254. An "excellent result," then, does not relate to the total number of claims on which she was successful. *See Spulak v. K-Mart Corp.*, 894 F.2d 1150, 1160 (10th Cir. 1990) (full fee recovered

7

"because they obtained excellent results in a case that involved complex pretrial motions, important evidentiary issues, and was 'bitterly contested from start to finish.'")

The claims in this case were neither complex nor novel. However, workplace sexual harassment represents an important issue of public policy. *Smith v. Northwest Financial Acceptance, Inc.*, 129 F.3d 1408, 1418 (10th Cir. 1997). Defendant's filed one successful motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and three unsuccessful motions for summary judgment. Prior to trial, the parties filed 11 motions in limine. The trial lasted four days. The case was aggressively prosecuted and vigorously defended.

The court finds that a common core of facts existed in this case for all claims and against all defendants. Plaintiff alleged that workplace discrimination created a hostile work environment and resulted in her retaliatory discharge. The individuals she named as defendants, whether dismissed from the lawsuit or not, were management level employees whom she alleged knew or should have known about the workplace environment. The company employer was found by the jury to have known about the deficiencies of the liable supervisor. All of Plaintiffs claims against all of the defendants were focused on workplace harassment and the individuals' and company's failure to stop the hostile work environment. Only her retaliation claim was unsuccessful at trial.

Based on the foregoing, the attorney's fees will not be reduced for Plaintiff's failure to prevail on all claims against all Defendants. The court finds that Plaintiff achieved an excellent result, entitling her to all "reasonably expended" fees incurred in the prosecution of her case, entitling her to the total amount of $164,261.78 in attorney's fees and costs.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that attorney's fees and costs in the total amount of $164,261.78 shall be awarded as stated herein.

IT IS SO ORDERED.

*Richard L. Puglisi*
United States Magistrate Judge
(sitting by designation)